**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH MERLINO | Honorable Richard J. Sullivan<br><br>16-cr-522 (RJS) |

### DEFENDANT'S MOTION TO AMEND CONDITIONS OF BAIL

Defendant Joseph Merlino, by and through his undersigned counsel, hereby moves the Court to modify the conditions of his bail conditions to release certain property located at 3222 South Sydenham Street in Philadelphia, Pennsylvania 19154. In support thereof, the movant avers as follows:

1. On August 1, 2016, defendant Merlino was indicted for racketeering, mail/wire fraud and gambling offenses. (ECF No. 1).

2. On August 12, 2016, Mr. Merlino appeared before Magistrate Judge William Matthewman in the Southern District of Florida and was ordered released on a $5,000,000.00 bond, $500,000.00 of which was to be secured, in part, through certain real property located 3222 South Sydenham Street in Philadelphia, Pennsylvania. (See Appearance Bond attached as Exhibit "A" at pg. 2 para. q).

3. The defendant does not have any ownership interest in this property. Rather, it is owned by defendant's wife, Deborah Merlino. Ms. Merlino is one of three cosigners on the defendant's Appearance Bond.

4. Accordingly, 3222 South Sydenham Street is one of three properties used as security for defendant's Appearance Bond.

1

5. The trial in this matter commenced on January 30, 2018 and resulted in a mistrial.

6. On April 27, 2018 and following protracted plea negotiations with the government, the defendant entered a guilty plea to count four of the indictment, charging the use of a wire communication facility for the transmission of gambling information, pursuant to Title 18 U.S.C. §1084.

7. The defendant is currently scheduled for sentencing on September 13, 2018.

8. The defendant now seeks to modify his bail package to remove only this property, namely 3222 South Sydenham Street, Philadelphia, Pennsylvania, so that it can be sold.

9. A motion to modify the condition of a defendant's pre-trial release is governed by Title 18. U.S.C. § 3145, which states: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court...

   (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

   (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
   The motion shall be determined promptly.

10. Throughout the course of this matter, Ms. Merlino has been prevented from selling or refinancing this property.

11. Instead, it has been rented to tenants who are now ready, willing, and able to purchase this property. (See copy of lease agreement attached as Exhibit "B").

12. Moreover, the circumstances of this case have changed significantly in light of the fact that the defendant has agreed to a plea agreement which carries a maximum term of 24 months' imprisonment. Thus, there is no incentive for the defendant to flee or fail to appear for his sentencing.

13. The defendant has always appeared for all court appearances. This included a lengthy trial which lasted nearly three weeks.

14. The defendant now seeks the release of 3222 South Sydenham Street, Philadelphia, Pennsylvania so that the property can be sold.

15. Counsel for Mr. Merlino has made the government aware of this request and the government has indicated that it consents to this modification of defendant's bail conditions.

WHEREFORE, defendant Joseph Merlino respectfully requests the Court grant this motion and modify the conditions of his bail removing certain real property located at 3222 South Sydenham Street, Philadelphia, Pennsylvania.

Dated: 7/27/2018

**JACOBS & BARBONE, P.A.**

Edwin J. Jacobs, Jr.
Jacobs & Barbone, P.A.
1125 Pacific Avenue
Atlantic City, NJ 08401
(609) 348-1125 (phone)
(609) 348-3774 (fax)

*Attorneys for Defendant Joseph Merlino*

3

# EXHIBIT A

(Rev. 03/2016)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: __16-8283-DLB__

UNITED STATES OF AMERICA
    Plaintiff,

v.

JOSEPH MERLINO,
    Defendant,
_____/

JAIL #_____

FILED BY ___ D.C.

AUG 12 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ __5,000,000 PSB__ .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    6. Shall not commit any act in violation of state or federal laws.

47

DEFENDANT: JOSEPH MERLINO
CASE NUMBER: 16-8283-DLB
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☒ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☒ b. Report to Pretrial Services as follows: ☒ as directed or _____ time(s) a week in person and _____ time(s) a week by telephone;

☐ c. Submit to substance abuse testing and/or treatment;

☐ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

☐ e. Participate in mental health assessment and/or treatment;

☐ f. Participate and undergo a sex offense specific evaluation and treatment;

☒ g. Maintain or actively seek full-time employment; (MERLINO'S ITALIAN RESTAURANT, CURRENTLY BEING RENOVATED IN SUMMER, TO REOPEN IN FALL. DEFENDANT PERMITTED TO ASSIST IN RENOVATIONS

☐ h. Maintain or begin an educational program;

☒ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel; + CODEFENDANTS

☒ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

☒ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;

☐ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

☐ m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's)*, and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

☒ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ☐ will not or ☒ will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ☒ or paid for by Pretrial Services ☐.

☒ Curfew: You are restricted to your residence every day from 7PM to 7AM, or as directed by the Court. FROM 7AM to 7PM RELIGIOUS REASONS

☒ Home Detention: You are restricted to your residence at all times except for: ☒ medical needs or treatment, ☒ court appearances, ☒ attorney visits or court ordered obligations, and ☒ other EMPLOYMENT; MEDICAL NEEDS FOR DEFENDANT, HIS WIFE, AND TWO DAUGHTERS WITH VERIFICATION TO PTS DUE TO HEALTHCARE FRAUD ALLEGATIONS

☐ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ☐ employment; ☐ education; ☐ religious services; ☐ medical, substance abuse, or mental health treatment; ☐ attorney visits; ☐ court appearances; ☐ court ordered obligations; ☐ reporting to Pretrial Services; and ☐ other

☒ p. May travel to and from: RESTRICTED SDFL, SDNY, EDPA (INCLUDING ATTORNEY VISITS AND PARENT'S COLLEGE WEEKEND FOR DAUGHTER - SEPT 15-19, 2016,) EDNY (FOR AIRPORT TRAVEL ONLY) DISTRICT OF NEW JERSEY , and must notify Pretrial Services of travel plans before leaving and upon return.

☐ q. Comply with the following additional conditions of bond: ALL STANDARD CONDITIONS; COSIGNED BY WIFE, DEBORAH MERLINO AND FRIENDS, DAVID McCAFFREY + ANTHONY MARANO; $500,000 SECURED BY PROPERTIES OWNED BY 3 COSIGNERS.

48

DEFENDANT: JOSEPH MERLINO
CASE NUMBER: 16-8283-DLB
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: JOSEPH MERLINO
CASE NUMBER: 16-8283-DLB
PAGE FOUR

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing.**

**DEFENDANT**

Signed this 12TH day of AUGUST, 2016 at WEST PALM BEACH, Florida

Signed and acknowledged before me:
WITNESS: _____
DEFENDANT: (Signature) Joe M____
City: BOCA  State: FLORIDA

**CORPORATE SURETY**

Signed this ___ day of ___, 20 ___ at ___, Florida

SURETY: _____
City: _____ State: _____
AGENT: (Signature) _____
PRINT NAME: _____

**INDIVIDUAL SURETIES**

Signed this 12TH day of AUGUST, 2016 at WPB, Florida    Signed this 12TH day of AUGUST, 2016 at WPB, Florida
SURETY: (Signature) Deborah Merlino    SURETY: (Signature) Anthony J Muro
PRINT NAME: Deborah Merlino    PRINT NAME: Anthony J Muro Jr
RELATIONSHIP TO DEFENDANT: wife    RELATIONSHIP TO DEFENDANT: Friend
City: Boca Raton  State: FL    City: Lighthouse Point  State: FL

Signed this 12TH day of AUGUST, 2016 at WPB, Florida    Signed this 12th day of August, 2016 at WPB, Florida
SURETY: (Signature) _____    SURETY: (Signature) _____
PRINT NAME: David _____ McCaffrey    PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: Friend    RELATIONSHIP TO DEFENDANT: _____
City: Pompano Beach  State: FL    City: _____  State: _____

APPROVAL BY COURT
Date: AUGUST 12, 2016

_William Matthewman_
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

50

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by ___ D.C.
AUG 12 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

United States of America
v.
JOSEPH MERLINO
Defendant

Case No. 16-8283-DLB

Charging District's Case No. 16-CR-522

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* NEW YORK SOUTHERN.

I have been informed of the charges and of my rights to:

(1) ☑ retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 8/12/2016

*Defendant's signature*

*Signature of defendant's attorney*

DAVID ROTH
*Printed name of defendant's attorney*

51

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-8288-DLB

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSEPH MERLINO,

        Defendant.

FILED by ___ D.C.
AUG 12 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER OF REMOVAL

A(n) ___ Complaint
     X Indictment
     ___ Information
     ___ Probation Violation Warrant
     ___ Bench Warrant

having been filed in the SOUTHERN District of NEW YORK charging the above named defendant with 18:1962(d) and the defendant having

     ___ surrendered
     X been arrested

in the Southern District of Florida, having had an initial appearance before the Court and having:

     X waived further hearing
     ___ been given a hearing in accordance
     with Fed.R.Crim.P. 40

and having posted the bail as set by the Court, it is thereupon

**ORDERED AND ADJUDGED** as follows:

    1. The defendant is held to answer in the District in which

the charge is outstanding and shall appear before the District Court thereof at such time and place as may be ordered; and

2. **All funds** and **documents** filed with the Clerk of court in this case shall be **transferred** to the District where the charge is outstanding.

DONE AND ORDERED at West Palm Beach, Florida this 12TH day of AUGUST, 2016.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

# RESIDENTIAL LEASE

RL

This form recommended and approved for, but not restricted to use by, the members of the Pennsylvania Association of Realtors® (PAR).

## PARTIES

TENANT(S): Anthony D'angelo, Gina D'angelo

LANDLORD(S): Deborah L Wells Marlino

TENANT'S MAILING ADDRESS:

LANDLORD'S MAILING ADDRESS:
699 NE 4th ST.
BOCA RATON FL
33432

### TENANT'S EMERGENCY CONTACT INFORMATION

Name _____ Relationship _____ Phone(s) _____

## PROPERTY

Property Address: 3222 s. Sydenham st.
Philadelphia, PA    Unit ____ ZIP 19145
in the municipality of Philadelphia, County of Philadelphia
in the School District of _____, in the Commonwealth of Pennsylvania.

## TENANT'S RELATIONSHIP WITH PA LICENSED BROKER

☐ No Business Relationship (Tenant is not represented by a broker)

Broker (Company) _____   Licensee(s) (Name) _____
Company Address _____   Direct Phone(s) _____
                                Cell Phone(s) _____
Company Phone _____      Fax _____
Company Fax _____        Email _____
Broker is:                      Licensee(s) is:
☐ Tenant Agent (Broker represents Tenant only)     ☐ Tenant Agent with Designated Agency
☐ Dual Agent (See Dual and/or Designated Agent box below)   ☐ Tenant Agent without Designated Agency
                                ☐ Dual Agent (See Dual and/or Designated Agent box below)

☐ Transaction Licensee (Broker and Licensee(s) provide real estate services but do not represent Tenant)

## LANDLORD'S RELATIONSHIP WITH PA LICENSED BROKER

☐ No Business Relationship (Landlord is not represented by a broker)

Broker (Company) _____   Licensee(s) (Name) _____
Company Address _____   Direct Phone(s) _____
                                Cell Phone(s) _____
Company Phone _____      Fax _____
Company Fax _____        Email _____
Broker is:                      Licensee(s) is:
☐ Landlord Agent (Broker represents Landlord only)     ☐ Landlord Agent with Designated Agency
☐ Dual Agent (See Dual and/or Designated Agent box below)   ☐ Landlord Agent without Designated Agency
                                ☐ Dual Agent (See Dual and/or Designated Agent box below)

☐ Transaction Licensee (Broker and Licensee(s) provide real estate services but do not represent Landlord)

## DUAL AND/OR DESIGNATED AGENCY

A Broker is a Dual Agent when a Broker represents both Tenant and Landlord in the same transaction. A Licensee is a Dual Agent when a Licensee represents Tenant and Landlord in the same transaction. All of Broker's licensees are also Dual Agents UNLESS there are separate Designated Agents for Tenant and Landlord. If the same Licensee is designated for Tenant and Landlord, the Licensee is a Dual Agent. By signing this Agreement, Tenant and Landlord each acknowledge having been previously informed of, and consented to, dual agency, if applicable.

Tenant Initials ____     RL Page 1 of 7     Landlord Initials ____

Pennsylvania Association of Realtors®    12/13    COPYRIGHT PENNSYLVANIA ASSOCIATION OF REALTORS® 2013

THIS FORM SHOULD NOT BE USED FOR THE LEASE OF A MANUFACTURED HOME    12/13

Spectrum Realty Company, 1601 Oregon Avenue Philadelphia, PA 19145
Mario Trapes Sr    Phone: 215-339-2222    Fax: 215-389-0537
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    Untitled

NON-MEMBER

1. **LEASE DATE AND RESPONSIBILITIES**
   This Lease for the Property, dated _____August 15, 2017_____, is between the Landlord and the Tenant. Each Tenant is individually responsible for all of the obligations of this Lease, including Rent, fees, damages and other costs.
2. **CO-SIGNERS**
   Co-signers: _____
   
   Each Co-signer is individually responsible for all obligations of this Lease, including Rent, late fees, damages and other costs. Co-signers do not have the right to occupy the Property as a tenant without the Landlord's prior written permission.
3. **PROPERTY CONTACT INFORMATION**
   Rental Payments (see Paragraph 6(I) for additional information)
   Payable to: **deborah l wells**       Phone: _____  Fax: _____
   Address: _____
   Maintenance Requests
   Contact: _____       Phone: _____  Fax: _____
   Address: _____
   Email: _____       Website: _____
   Emergency Maintenance Contact
   Contact: _____       Phone: _____
   Email: _____       Website: _____
4. **STARTING AND ENDING DATES OF LEASE (also called "Term")**
   (A) Starting Date: _____August 15, 2017_____, at __12__ ☒ a.m. ☐ p.m.
   (B) Ending Date: _____August 14, 2018_____, at _____ ☒ a.m. ☐ p.m.
5. **RENEWAL TERM**
   (A) Unless checked below, this Lease will AUTOMATICALLY RENEW for a Renewal Term of _____ (month-to-month if not specified) at the Ending Date of this Lease or at the end of any Renewal Term unless proper notice is given. Proper notice requires Tenant or Landlord to give at least _____ days (28 if not specified) written notice before Ending Date or before the end of any Renewal Term.
       ☐ This Lease will TERMINATE on the Ending Date unless extended in writing.
   (B) If notice is given later than required, Rent is due for the entirety of the Renewal Term.
   (C) Any renewal will be according to the terms of this Lease or any written changes to it.
6. **RENT**
   (A) Rent is due in advance, without demand, on or before the __1st__ day of each month (Due Date).
   (B) The amount of Total Rent due during the Term is $~~30,000.00~~ $24,000
   (C) The Rent due each month is: $~~2,500.00~~ $2,000
   (D) If Rent is more than _____ days (5 if not specified) late (Grace Period), Tenant pays a Late Charge of: $_____
   (E) All other payments due from Tenant to Landlord, including Late Charges or utility charges, are considered to be Additional Rent. Failure to pay this Additional Rent is a breach of the Lease in the same way as failing to pay the regular Rent.
   (F) Tenant agrees that all payments will be applied against outstanding Additional Rent that is due before they will be applied against the current Rent due. When there is no outstanding Additional Rent, prepayment will be applied to the month's Rent that would be due next.
   (G) Tenant will pay a fee of $_____ for any payment that is returned or declined by any financial institution for any reason. If payment is returned or declined, the Grace Period does not apply and the Late Charges will be calculated from the Due Date. Any Late Charges will continue to apply until a valid payment is received.
   (H) Landlord will accept the following methods of payment: ( ☒ Cash) ( ☐ Money Order) ( ☐ Personal Check) ( ☐ Credit Cards) ( ☐ Cashier's Check) ( ☐ Other: _____)
   Landlord can change the acceptable methods of payment if a method fails (check bounces, credit card is declined, etc.).
   (I) The first $_____ of Rent due will be made payable to **deborah l wells merlino** (Broker for Landlord, if not specified). Security Deposit will be made payable to Landlord, or Landlord's representative.
   (J) The Security Deposit may not be used to pay Rent during the Term or Renewal Term of this Lease.
7. **PAYMENT SCHEDULE**
   (A) Security Deposit will be held in escrow by Landlord, unless otherwise stated here _____
   at (financial institution): _____
   Financial Institution Address: _____

|  | Due Date | Paid | Due |
|---|---|---|---|
| Security Deposit: _____ | $ _____ | $ _____ | $ _____ |
| (B) First month's Rent: _____ | $ _____ | $ _____ | $ _____ |
| (C) Other: _____ | $ _____ | $ _____ | $ _____ |
| (D) Other: _____ | $ _____ | $ _____ | $ _____ |
| Total Rent and security deposit received to date: | $ _____ | | |
| Total amount due: | | | $ _____ |

Tenant Initials: _____       RL Page 2 of 7       Landlord Initials: _____
Revised 12/13

8. **RETURN OF SECURITY DEPOSITS**
   (A) When Tenant moves from the Property, Tenant will return all keys and give Landlord written notice of Tenant's new mailing address where Landlord can return the Security Deposit.
   (B) Within 30 days after Tenant moves from the Property, Landlord will give Tenant a written list of any damage to the Property for which the Landlord claims Tenant is responsible.
   (C) Landlord may deduct repair costs and any unpaid Rent and Additional Rent from Tenant's Security Deposit. Any remaining Security Deposit will be returned to Tenant within 30 days after Tenant moves from the Property.

9. **USE OF PROPERTY AND AUTHORIZED OCCUPANTS**
   (A) Tenant will use Property as a residence ONLY.
   (B) Not more than _____ people will live at the Property. List all other occupants who are not listed as Tenants in this Lease:
       Name _____ ☐ 18 or older   Name _____ ☐ 18 or older
       Name _____ ☐ 18 or older   Name _____ ☐ 18 or older
       Service animals: Type _____ Breed _____ Name _____
       ☐ Additional information is attached

10. **POSSESSION**
    (A) Tenant may move in (take possession of the Property) on the Starting Date of this Lease.
    (B) If Tenant cannot move in within _____ days (0 if not specified) after Starting Date because the previous tenant is still there or because of property damage, Tenant's exclusive rights are to:
        1. Change the Starting Date of the Lease to the day when Property is available. Tenant will not owe or be charged Rent until Property is available; OR
        2. End the Lease and have all money already paid as Rent, Additional Rent or Security Deposit returned, with no further liability on the part of Landlord or Tenant.

11. **LANDLORD'S RIGHT TO ENTER**
    (A) Tenant agrees that Landlord or Landlord's representatives may enter the Property at reasonable hours to inspect, repair, or show the Property. Tenant does not have to allow possible tenants or other licensees to enter unless they are with the Landlord or Landlord's representative, or they have written permission from the Landlord.
    (B) When possible, Landlord will give Tenant _____ hours (24 if not specified) notice of the date, time, and reason for the visit.
    (C) In emergencies, Landlord may enter Property without notice. If Tenant is not present, Landlord will notify Tenant who was there and why within _____ hours (24 if not specified) of the visit. Showing the property is not considered an emergency.
    (D) Landlord may put up For Sale or For Rent signs, use lock boxes, and take pictures and video on or near Property.

12. **RULES AND REGULATIONS**
    (A) ☐ Rules and Regulations for use of the Property and common areas are attached.
        ☐ Homeowners Association or Condominium rules and regulations for the Property are attached.
    (B) Any violation of the Rules and Regulations is a breach of this Lease.
    (C) Landlord may create or modify the Rules and Regulations if the change benefits the Tenant or improves the health, safety, or welfare of others. Landlord agrees to provide all changes to Tenant in writing.
    (D) Tenant is responsible for Tenant's family and guests obeying the Rules and Regulations and all laws.
    (E) If any fine is imposed on Landlord because of the actions of Tenant, or Tenant's family or guests, Tenant will reimburse the Landlord or pay the fine. Any unpaid fines will be considered Additional Rent.

13. **PETS**
    Tenant will not keep or allow any pets on any part of the Property, unless checked below. Service animals are not pets.
    ☐ Tenant may keep pets with Landlord's written permission according to the terms of the attached Pet Addendum and/or Rules and Regulations.

14. **CONDITION OF PROPERTY AT MOVE IN**
    Tenant has inspected the Property and agrees to accept the Property "as-is," except for the following: _____
    _____
    _____

15. **APPLIANCES INCLUDED**
    ( ☐ Stove)   ( ☐ Refrigerator)   ( ☐ Dishwasher)   ( ☐ Washer)   ( ☐ Dryer)   ( ☐ Garbage Disposal)   ( ☐ Microwave)
    ( ☐ Air Conditioning Units - Number: _____ )   ( ☐ Other _____ )
    Landlord is responsible for repairs to appliances listed above unless otherwise stated here: **tenant responsible for all repairs**
    _____
    _____

Tenant Initials: _____                RL Page 3 of 7                Landlord Initials: _____
                                         Revised 12/13
                              Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com        Untitled

### 16. UTILITIES AND SERVICES

Landlord and Tenant agree to pay for the charges for utilities and services provided for the Property as marked below. If a service is not marked as being paid by the Landlord, it is the responsibility of Tenant to pay for that service. Landlord is not responsible for loss of service if interrupted by circumstances beyond the Landlord's control. Utility accounts paid by Tenant must remain active in Tenant's name until the end of the Lease Term. Tenant will notify Landlord if Tenant receives any notices from utility companies of a pending termination of service. Tenant will be in default of this Lease if all utilities and services for which the tenant is responsible do not remain active.

| Landlord pays | Tenant pays | | Landlord pays | Tenant pays | |
|---|---|---|---|---|---|
| ☐ | ☒ | Cooking Gas/Fuel | ☐ | ☒ | Air Conditioning |
| ☐ | ☒ | Electricity | ☐ | ☒ | Cable/Satellite Television |
| ☐ | ☒ | Heat _____ (type) | ☐ | ☒ | Condominium/Homeowners Association Fee |
| ☐ | ☒ | Hot Water _____ (type) | ☐ | ☒ | Parking Fee |
| ☐ | ☒ | Cold Water | ☐ | ☒ | Maintenance of Common Areas |
| ☐ | ☒ | Trash Removal | ☐ | ☒ | Pest/Rodent Control |
| ☐ | ☒ | Recycling Removal | ☐ | ☒ | Bed Bugs |
| ☐ | ☒ | Sewage Fees | ☐ | ☒ | Snow/Ice Removal |
| ☐ | ☒ | Sewer Maintenance | ☐ | ☒ | Telephone Service |
| ☐ | ☒ | Heater Maintenance | ☐ | ☒ | Lawn and Shrubbery Care |
| ☐ | ☐ | _____ | ☐ | ☐ | _____ |

Comments: _____

### 17. TENANT'S CARE OF PROPERTY

(A) Tenant will:
1. Keep the Property clean and safe.
2. Dispose of all trash, garbage and any other waste materials as required by Landlord and the law.
3. Use care when using any of the electrical, plumbing, heating, ventilation or other facilities or appliances on the Property, including any elevators.
4. Notify Landlord immediately of any repairs needed and of any potentially harmful health or environmental conditions.
5. Obey all federal, state, and local laws that relate to the Property.
6. Clean up after service animals on the Property, including common areas.

(B) Tenant will not:
1. Keep any flammable, hazardous or explosive materials on the Property.
2. Destroy, damage or deface any part of the Property or common areas.
3. Disturb the peace and quiet of other tenants or neighbors.
4. Make changes to the property, such as painting or remodeling, without the written permission of Landlord. Tenant agrees that any changes or improvements made will belong to the Landlord.
5. Perform any maintenance or repairs on the Property unless otherwise stated in the Rules and Regulations, if any.

(C) Tenant will have breached this Lease and will be responsible for damages if Tenant does not comply with (A) and (B).
(D) Tenant is responsible to pay the costs for repairing any damage that is the fault of Tenant, Tenant's family, guests, and/or service animals.

### 18. DETECTORS AND FIRE PROTECTION SYSTEMS

(A) Landlord has installed ( ☐ Smoke Detectors) ( ☐ Carbon Monoxide Detectors) ( ☐ Fire Extinguishers) in the Property. Tenant will maintain and regularly test detectors to be sure they are in working order, and will replace detector batteries as needed.
(B) Tenant will immediately notify Landlord or Landlord's agent of any broken or malfunctioning detectors.
(C) Failure to properly maintain detectors, replace detector batteries or notify Landlord or Landlord's representative of any broken or malfunctioning detectors is a breach of this Lease.
(D) Landlord may provide additional fire protection systems for the benefit of Tenant. Responsibility for maintaining these systems is stated in the Rules and Regulations, if any.
(E) Tenant will pay for damage to the Property if Tenant fails to maintain or misuses detectors or other fire protection systems.

### 19. DESTRUCTION OF PROPERTY

(A) Tenant will notify Landlord or Landlord's agent immediately if the Property is severely damaged or destroyed by fire or by any other cause. Tenant will immediately notify Landlord or Landlord's representative of any condition in the Property that could severely damage or destroy the Property.
(B) If Tenant, their family or guests cause damage by fire or by other means, this Lease will remain in effect and Tenant will continue to pay rent, even if Tenant cannot occupy the Property.
(C) If the Property is severely damaged or destroyed for any reason that is not the fault of Tenant:
1. Tenant may continue to live on the livable part of the Property and pay a reduced rent as agreed to by Tenant and Landlord until the damage is repaired, OR
2. If the law does not allow Tenant to live on the Property, this Lease is ended.
(D) If Lease is ended, Landlord will return any unused security deposit to Tenant.

Tenant Initials _____ / _____

RL Page 4 of 7
Revised 12/13

Landlord Initials _____ / _____

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Untitled

20. **LEAD-BASED PAINT HAZARD DISCLOSURES FOR PROPERTY BUILT BEFORE 1978**
    ☐ Property was built in or after 1978. This paragraph does not apply.
    ☐ Property was built before 1978. Landlord and Tenant must provide information in this paragraph.
    **Lead Hazards Disclosure Requirements**
    The Residential Lead-Based Paint Hazard Reduction act says that any Landlord of property built before 1978 must give the Tenant an EPA pamphlet titled *Protect Your Family From Lead in Your Home*. The Landlord also must tell the Tenant and the Broker for Landlord what the Landlord knows about lead-based paint and lead-based paint hazards that are in or on the property being rented. Landlord must tell the Tenant how the Landlord knows that lead-based paint and lead-based paint hazards are on the property, where the lead-based paint and lead-based paint hazards are, and the condition of the painted surfaces. Any Landlord of a pre-1978 structure must also give the Tenant any records and reports that the Landlord has or can get about lead-based paint or lead-based paint hazards in or around the property being rented, the common areas, or other dwellings in multi-family housing. It is also required that the EPA pamphlet be given to tenants before the Landlord starts any major renovations on a pre-1978 structure. The Act does not apply to housing built in 1978 or later.
    **Lead Warning Statement**
    Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, Landlords must disclose the presence of known lead-based paint and lead-based paint hazards in the dwelling. Tenants must also receive a federally approved pamphlet on lead poisoning prevention.
    (A) **Landlord does not know of any lead-based paint or lead-based paint hazards on the Property unless stated below:**
        \_\_\_\_\_ Landlord knows that there is lead-based paint, or that there are lead-based paint hazards on the Property. Landlord must explain what Landlord knows about the lead-based paint and hazards, including how Landlord learned that it is there, where it is, and the condition of painted walls, trim and other surfaces. Landlord must give Tenant any other information Landlord has about the lead-based paint and lead-based paint hazards.
    (B) **Landlord has no reports or records about lead-based paint or lead-based paint hazards on the Property unless stated below:**
        \_\_\_\_\_ Landlord has given Tenant all available records and reports about lead-based paint or lead-based paint hazards on the Property. List records and reports: \_\_\_\_\_
    (C) Tenant initial all that are true:
        \_\_\_\_\_ Tenant has received the pamphlet *Protect Your Family From Lead in Your Home*.
        \_\_\_\_\_ Tenant has read the information given by Landlord in paragraph 20 (A) and (B) above, if any.
        \_\_\_\_\_ Tenant has received all records and reports that Landlord listed in paragraph 20 (B) above, if any.
    (D) Landlord and Tenant certify, by signing this Lease, that the information given is true to the best of their knowledge.

21. **INSURANCE AND RELEASE**
    (A) Tenant understands that Landlord's insurance does not cover Tenant, Tenant's property, or Tenant's guests. Tenant is advised to obtain property and liability insurance to protect Tenant, Tenant's property and Tenant's guests who may be injured while on the Property.
    ☐ **IF CHECKED**, Tenant must have insurance policies providing at least $\_\_\_\_\_ property insurance and $\_\_\_\_\_ liability insurance to protect Tenant, Tenant's property and Tenant's guests who may be injured while on the Property. Tenant must maintain this insurance through the entire Term and any Renewal Term. Tenant will provide proof of insurance upon request. Tenant will notify Landlord within 10 days of changes to or cancellation of these policies.
    (B) Landlord is not legally responsible for any injury or damage to Tenant or Tenant's guests that occurs on the Property.
    (C) Tenant is responsible for any loss to Landlord caused by Tenant, Tenant's family or Tenant's guests, including attorney's fees associated with that loss.

22. **HOLDOVER TENANTS**
    If Tenant occupies the Property after the Ending Date or end of any Renewal Term, Tenant will be considered a holdover tenant and will be causing the Landlord damages. These damages will be equal to __3__ times the monthly Rent plus any lodging expenses of the new occupant, eviction costs and attorney fees, paid on a daily basis without demand.

23. **TENANT ENDING LEASE EARLY**
    Tenant may not end this Lease and move out of the Property before the Ending Date of the Lease or any Renewal Term UNLESS Tenant does ALL of the following:
    (A) Tenant continues to pay all Rent until the Ending Date of the Lease, or any Renewal Term, or until a new tenant is approved by Landlord and a new lease takes effect, whichever happens first, AND
    (B) Tenant gives Landlord at least \_\_\_\_\_ days written notice, AND
    (C) Tenant pays Landlord a Termination Fee of \_\_\_\_\_.

24. **ABANDONMENT**
    (A) Tenant has abandoned the Property if:
        1. Tenant has physically vacated the premises, removed substantially all personal property, OR
        2. A court grants the Landlord possession of the Property.
    (B) If Tenant abandons Property while Rent is due and unpaid, Landlord may take possession of the Property and immediately rent the Property to another tenant.

Tenant Initials: *[signature]*  RL Page 5 of 7  Landlord Initials: *[signature]*
Revised 12/13

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.ziplogix.com  Untitled

(C) If Tenant abandons OR moves out of the Property, Tenant will:
1. Remove all of Tenant's personal property, AND
2. Provide a forwarding address or written notice stating that Tenant has vacated the premises, AND
3. Contact the landlord within ten (10) days regarding the Tenant's intent to remove any remaining personal property.
   a. If the intent is communicated to the landlord, the personal property shall be stored by the landlord at a location of the landlord's choosing for thirty (30) days.
   b. If no communication is made to the landlord within ten (10) days, the property may be disposed of at the end of the ten days at the discretion of Landlord and Tenant will pay all costs related to the removal and/or storage.

25. **LANDLORD REMEDIES IF TENANT BREACHES LEASE**
(A) If Tenant breaches Lease for any reason, Landlord's remedies may include any or all of the following:
1. Taking possession of the Property by going to court to evict Tenant. Tenant agrees to pay Landlord's legal fees and reasonable costs, including the cost for Landlord and Landlord's agent to attend court hearings.
2. Filing a lawsuit against Tenant for Rent, damages and Additional Rent, and for Rent and Additional Rent for the rest of the Term or any Renewal Period. If Landlord wins (gets a money judgment against Tenant), Landlord may use the court process to garnish Tenant's wages and take Tenant's personal goods, furniture, motor vehicles and money in banks.
3. Keeping Tenant's Security Deposit to be applied against unpaid Rent or damages, or both.
(B) If Tenant breaches Lease for any reason, Landlord can begin eviction proceedings without written notice, unless otherwise required by local ordinance.
_____ (Tenant Initials) TENANT WAIVES OR GIVES UP TENANT'S RIGHT TO A NOTICE TO MOVE OUT UNLESS A DIFFERENT PERIOD FOR PROVIDING NOTICE IS STATED HERE: _____

26. **TRANSFER AND SUBLEASING**
(A) Landlord may transfer this Lease to another landlord. Tenant agrees that this Lease remains the same with the new landlord.
(B) Tenant may not transfer this Lease or sublease (rent to another person) the Property or any part of the Property without Landlord's written permission.

27. **SALE OF PROPERTY**
(A) If Property is sold, Landlord will give Tenant in writing:
1. Notice that the Security Deposit and/or prepaid Rent has been transferred to the new landlord.
2. The name, address and phone number of the new landlord and where Rent is to be paid, if known.
(B) Tenant agrees that Landlord may transfer Tenant's Security Deposit and advanced Rent to the new landlord.
(C) Landlord's responsibilities to Tenant under this Lease end after the Property has been sold and the Lease transferred to a new landlord.
(D) ☐ If checked and Landlord sells the Property during the Lease or any Renewal Term, Landlord has the right to terminate this Lease if Landlord gives written notice to Tenant at least _____ days prior to the Settlement Date of the Property as defined in the agreement of sale. Tenant is not entitled to any payment of damages.

28. **IF GOVERNMENT TAKES PROPERTY**
(A) The government or other public authority can take private property for public use. The taking is called condemnation.
(B) If any part of the Property is taken by the government, Landlord will reduce Tenant's Rent proportionately. If all the Property is taken or is no longer usable, this Lease will end. Tenant will move out and Landlord will return to Tenant any unused Security Deposit or prepaid Rent.
(C) No money paid to Landlord for the condemnation of the Property will belong to Tenant.

29. **TENANTS' RIGHTS**
(A) Landlord cannot increase rents, decrease services, or threaten to go to court to evict Tenant because Tenant: (1) complains to a government agency or to Landlord about a building or housing code violation; (2) organizes or joins a tenant's organization; or (3) uses Tenant's legal rights in a lawful manner.
(B) Landlord or property owner may have a mortgage on the Property. The rights of the mortgage lender come before the rights of the Tenant. For example, if Landlord fails to make mortgage payments, the mortgage lender could take the Property and end this Lease. Landlord will notify Tenant immediately if Owner or Landlord receive a notice of foreclosure.
TENANT MAY BE WAIVING OR GIVING UP TENANT'S RIGHTS. TENANT UNDERSTANDS THAT IF THERE IS A FORECLOSURE, THE NEW OWNER MAY HAVE THE RIGHT TO END THIS LEASE.

30. **PENNSYLVANIA PLAIN LANGUAGE CONSUMER CONTRACT ACT**
The Office of Attorney General has not pre-approved any special conditions or additional terms added by any parties. Any special conditions or additional terms must comply with the Pennsylvania Plain Language Consumer Contract Act.

31. **CAPTIONS** The headings in this Lease are meant only to make it easier to find the paragraphs.

32. **ENTIRE AGREEMENT** This Lease is the entire agreement between Landlord and Tenant. No spoken or written agreements made before signing this Lease are a part of this Lease unless they are included in this Lease in writing. No waivers or modifications of this Lease during the Term of this Lease are valid unless in writing signed by both Landlord and Tenant.

33. **SPECIAL CLAUSES**
    (A) The following are part of this Lease if checked:
        ☐ Change of Lease Terms Addendum (PAR Form CLT)
        ☐ Pet Addendum (PAR Form PET)
        ☒ Lease purchase agreement. See below under Additional terms.
        ☐
    (B) Additional Terms: The parties acknowledge and understand that any rent paid to landlord pursuant to this Lease will be credited toward the purchase price in the event the Tenant ever purchases the property at a purchase price to be later determined by the parties. The parties understand that the property is presently a part of the surety securing the bail of Joseph Merlino and cannot be sold until the bail is either removed or the pending case against Mr. Merlino is resolved.

NOTICE BEFORE SIGNING: If Tenant or Landlord has legal questions, Tenant or Landlord is advised to consult an attorney.

_____ (Landlord Initials) If Landlord is represented by a licensed real estate broker, Landlord acknowledges receipt of the Consumer Notice as adopted by the State Real Estate Commission at 49 Pa. Code §35.336 and/or §35.337.

_____ (Tenant Initials) If Tenant is represented by a licensed real estate broker, Tenant acknowledges receipt of the Consumer Notice as adopted by the State Real Estate Commission at 49 Pa. Code §35.336 and/or §35.337.

By signing below, Landlord and Tenant acknowledge that they have read and understand the notices and explanatory information set forth in this Lease.

A property manager may be acting as agent for Landlord and may execute this Lease on the Landlord's behalf.

TENANT _____ Anthony D'angelo DATE _____
TENANT _____ Gina D'angelo DATE _____
TENANT _____ DATE _____
TENANT _____ DATE _____
CO-SIGNER _____ DATE _____
CO-SIGNER _____ DATE _____
LANDLORD _____ Deborah L Wells Merlino DATE _____
LANDLORD _____ DATE _____
   BY

Brokers'/Licensees' Certifications By signing here, Brokers and Licensees involved in this transaction certify that: (1) The information given about Lead-Based Paint is true to the best of their knowledge; AND (2) They have told Landlord of Landlord's responsibilities under the Residential Lead-Based Paint Hazard Reduction Act (42 U.S.C. §4852d), described in the Lead Hazard Disclosure Requirements (see Lead-Based Paint Hazard Notice). Brokers and Licensees must make sure that Landlord gives Tenant the information required by the Act.

BROKER FOR LANDLORD (Company Name) _____
   ACCEPTED BY _____ DATE _____
BROKER FOR TENANT (Company Name) _____
   ACCEPTED BY _____ DATE _____

### LANDLORD TRANSFERS LEASE TO A NEW LANDLORD

As part of payment received by Landlord, _____ (current Landlord) now transfers to _____ (new landlord) his heirs and estate, this Lease and the right to receive the Rents and other benefits.

CURRENT LANDLORD _____ DATE  8/1/2017
CURRENT LANDLORD _____ DATE _____
NEW LANDLORD _____ DATE _____
NEW LANDLORD _____ DATE _____

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                Untitled