UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Honorable Richard J. Sullivan |
| v. | 16-cr-522 (RJS) |
| JOSEPH MERLINO, | |
| Defendant. | |

## DEFENDANT'S MOTION TO AMEND CONDITIONS OF BAIL

Defendant Joseph Merlino, by and through his undersigned counsel, hereby moves the Court to modify the conditions of his bail conditions to release certain properties located at 2318 NE 29th Street, Lighthouse Point, Florida 33064 and 14 SE 4th Street, #36, Boca Raton, Florida 33432, respectively. In support thereof, the movant avers as follows:

1.  On August 1, 2016, defendant Merlino was indicted for racketeering, mail/wire fraud and gambling offenses. (ECF No. 1).

2.  On August 12, 2016, Mr. Merlino appeared before Magistrate Judge William Matthewman in the Southern District of Florida and was ordered released on a $5,000,000.00 bond, $500,000.00 of which was to be secured, in part, through certain real properties located at 2318 NE 29th Street, Lighthouse Point, Florida 33064 and 14 SE 4th Street, #36, Boca Raton, Florida 33432. (See Appearance Bond attached as Exhibit "A" at pg. 2 para. q).

3.  The defendant does not have any ownership interest in these properties.

Rather, 2318 NE 29th Street, Lighthouse Point, Florida 33064 is owned by defendant's friend, Anthony J. Morano, Jr. and 14 SE 4th Street, #36, Boca Raton, Florida 33432 is owned by defendant's friend, David J. McCafferty. Mr. Morano and Mr. McCafferty are each one of three cosigners on the defendant's Appearance Bond.

4. Accordingly, 2318 NE 29th Street, Lighthouse Point, Florida 33064 and 14 SE 4th Street, #36, Boca Raton, Florida 33432 are each one of three properties used as security for defendant's Appearance Bond.

5. The trial in this matter commenced on January 30, 2018 and resulted in a mistrial.

6. On April 27, 2018 and following protracted plea negotiations with the government, the defendant entered a guilty plea to count four of the indictment, charging the use of a wire communication facility for the transmission of gambling information, pursuant to Title 18 U.S.C. §1084.

7. The defendant appeared for sentencing on October 17, 2018.

8. On December 3, 2018, Defendant surrendered and began serving his custodial term at the Coleman Federal Correctional Institution located in Sumterville, Florida.

9. The defendant now seeks to modify his bail package to remove the properties located at 2318 NE 29th Street, Lighthouse Point, Florida 33064 and 14 SE 4th Street, #36, Boca Raton, Florida 33432.

10. A motion to modify the condition of a defendant's pre-trial release is governed by Title 18. U.S.C. § 3145, which states: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court…

(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

11. Throughout the course of this matter, Mr. Morano and Mr. McCafferty have been prevented from selling or refinancing their respective property.

12. The circumstances of this case have changed significantly in light of the fact that the defendant has been sentenced to 24 months' imprisonment and has, in fact, began serving that custodial term. Thus, there is no incentive for the defendant to flee or fail to appear for any future court proceeding because this matter has concluded.

13. The defendant now seeks the release of 2318 NE 29th Street, Lighthouse Point, Florida 33064 and 14 SE 4th Street, #36, Boca Raton, Florida 33432 so that the properties can be sold.

14. Counsel for Mr. Merlino has made the government aware of this request and the government has indicated that it consents to this modification of defendant's bail conditions.

WHEREFORE, defendant Joseph Merlino respectfully requests the Court grant this motion and modify the conditions of his bail removing certain real properties located at 2318 NE 29th Street, Lighthouse Point, Florida 33064 and 14 SE 4th Street, #36, Boca Raton, Florida 33432.

Dated: 5/20/2019                          **JACOBS & BARBONE, P.A.**

                                               **/s/ Edwin J. Jacobs, Jr.**
                                                Edwin J. Jacobs, Jr.
                                                Jacobs & Barbone, P.A.
                                                1125 Pacific Avenue
                                                Atlantic City, NJ 08401
                                                (609) 348-1125 (phone)
                                                (609) 348-3774 (fax)

                                                *Attorneys for Defendant Joseph Merlino*

# EXHIBIT "A"


(Rev. 03/2016)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

**CASE NO.:** 16-8283-DLB

UNITED STATES OF AMERICA
    Plaintiff,

v.

JOSEPH HERLINO,
    Defendant,

JAIL # _____

FILED BY ____ D.C.
AUG 1 2 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ 5,000,000. PSB

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

6. Shall not commit any act in violation of state or federal laws.

47

DEFENDANT: JOSEPH MERLINO
CASE NUMBER: 16-8283-DLB
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☒ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☒ b. Report to Pretrial Services as follows: ☒ as directed or _____ time(s) a week in person and _____ time(s) a week by telephone;

☐ c. Submit to substance abuse testing and/or treatment;

☐ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

☐ e. Participate in mental health assessment and/or treatment;

☐ f. Participate and undergo a sex offense specific evaluation and treatment;

☒ g. Maintain or actively seek full-time employment; (MERLINO'S ITALIAN RESTAURANT, CURRENTLY BEING RENOVATED IN SUMMER, TO REOPEN IN FALL. DEFENDANT PERMITTED TO ASSIST IN RENOVATIONS FROM 7AM TO 7PM)

☐ h. Maintain or begin an educational program;

☒ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel; + CODEFENDANTS

☒ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

☒ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;

☐ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

☐ m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's)*, and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

☒ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ☐ will not or ☒ will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ☒ or paid for by Pretrial Services ☐.

☒ Curfew: You are restricted to your residence every day from 7PM to 7AM, or as directed by the Court. RELIGIOUS REASONS

☒ Home Detention: You are restricted to your residence at all times except for: ☒ medical needs or treatment, ☒ court appearances, ☒ attorney visits or court ordered obligations, and ☒ other EMPLOYMENT, MEDICAL NEEDS FOR DEFENDANT, HIS WIFE, AND TWO DAUGHTERS WITH VERIFICATION TO PTS DUE TO HEALTHCARE FRAUD ALLEGATIONS

☐ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ☐ employment; ☐ education; ☐ religious services; ☐ medical, substance abuse, or mental health treatment; ☐ attorney visits; ☐ court appearances; ☐ court ordered obligations; ☐ reporting to Pretrial Services; and ☐ other

☒ p. May travel to and from: RESTRICTED SDFL, SDNY, EDPA (INCLUDING ATTORNEY VISITS AND PARENT'S COLLEGE WEEKEND FOR DAUGHTER - SEPT 15-19, 2016), EDNY (FOR AIRPORT TRAVEL ONLY) DISTRICT OF NEW JERSEY, and must notify Pretrial Services of travel plans before leaving and upon return.

☐ q. Comply with the following additional conditions of bond: ALL STANDARD CONDITIONS; COSIGNED BY WIFE, DEBORAH MERLINO AND FRIENDS, DAVID McCAFFREY + ANTHONY MARANO; $500,000 SECURED BY PROPERTIES OWNED BY 3 COSIGNERS.

DEFENDANT: Joseph Merlino
CASE NUMBER: 16-8283-DLB
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: JOSEPH MERLINO
CASE NUMBER: 16-8283-DLB
PAGE FOUR

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing.**

#### DEFENDANT

Signed this 12TH day of AUGUST, 2016 at WEST PALM BEACH, Florida

Signed and acknowledged before me:
WITNESS: _____

DEFENDANT: (Signature) Joe Merl___
City: BOCA   State: FLORIDA

#### CORPORATE SURETY

Signed this ___ day of ___, 20 ___ at _____, Florida

SURETY: _____
City: _____ State: _____

AGENT: (Signature) _____
PRINT NAME: _____

#### INDIVIDUAL SURETIES

Signed this 12TH day of AUGUST, 2016 at WPB, Florida
SURETY: (Signature) Deborah Merlino
PRINT NAME: Deborah Merlino
RELATIONSHIP TO DEFENDANT: wife
City: Boca Raton State: FL

Signed this 12TH day of AUGUST, 2016 at WPB, Florida
SURETY: (Signature) Anthony S Muraro
PRINT NAME: Anthony S Muraro
RELATIONSHIP TO DEFENDANT: Friend
City: Lighthouse Point State: FL

Signed this 12TH day of AUGUST, 2016 at WPB, Florida
SURETY: (Signature) _____
PRINT NAME: David McCaffrey
RELATIONSHIP TO DEFENDANT: Friend
City: Pompano Beach State: FL

Signed this 12th day of August, 2016 at WPB, Florida
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
City: _____ State: _____

APPROVAL BY COURT:
Date: AUGUST 12, 2016

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by _____ D.C.
AUG 12 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

United States of America
v.
JOSEPH MERLINO
Defendant

Case No. 16-8283-DLB

Charging District's Case No. 16-CR-522

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* NEW YORK SOUTHERN

I have been informed of the charges and of my rights to:

(1) ✓ retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

✓ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 8/12/2016

_____
Defendant's signature

_____
Signature of defendant's attorney

DAVID ROTH
Printed name of defendant's attorney

51

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-8288-DLB

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSEPH MERLINO,

        Defendant.

FILED by ___ D.C.
AUG 12 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER OF REMOVAL

A(n) ____ Complaint
     X Indictment
     ____ Information
     ____ Probation Violation Warrant
     ____ Bench Warrant

having been filed in the SOUTHERN District of NEW YORK charging the above named defendant with 18:1962(d) and the defendant having

     ____ surrendered
     X been arrested

in the Southern District of Florida, having had an initial appearance before the Court and having:

     X waived further hearing
     ____ been given a hearing in accordance
     with Fed.R.Crim.P. 40

and having posted the bail as set by the Court, it is thereupon
**ORDERED AND ADJUDGED** as follows:

    1. The defendant is held to answer in the District in which

52

the charge is outstanding and shall appear before the District Court thereof at such time and place as may be ordered; and

2. **All funds** and **documents** filed with the Clerk of court in this case shall be **transferred** to the District where the charge is outstanding.

DONE AND ORDERED at West Palm Beach, Florida this 12TH day of AUGUST, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE